2) Caption, civil cases







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JOSE MANUEL MARTINEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-02-00508-CR

Appeal from the

109th District Court

of Andrews County, Texas 

(TC# 4069) 




                                               MEMORANDUM OPINION

           Jose Manuel Martinez appeals his conviction for endangering a child, urging that
his written statement was admitted in evidence in violation of the U.S. Constitution and
Tex. Code Crim. Proc. Ann. art. 38.22. We affirm.
Facts
           On April 3, 2002, Leticia Lujan was stabbed nine times by her live-in boyfriend,
Jose Manuel Martinez, in the presence of their two-year-old daughter. Martinez first
stabbed Lujan from the back while she held the daughter in her lap, combing the child’s
hair as she watched cartoons on television. Lujan testified that if she had moved, “that
knife would have gone right through my little girl.” Lujan called 911, and the recording
of that call, during which she was again stabbed, was admitted at Martinez’s trial. 
Martinez took the child and told her “look at mommy” while she was bleeding and
hysterical. When police officers arrived at the scene, they found Lujan on her front porch
covered in blood, clearly injured, with severed flesh hanging from her arm. Officers also
found a bloody knife in the kitchen sink with flesh clinging to the handle. Lujan stated,
“that’s him, that’s him,” when Martinez came to the front door of the house.
           Police officers subdued Martinez and took him into custody. On April 5, Martinez
was interrogated by Officer Mark Greenhaw, with translation into Spanish provided by
Officer Ronny Alaniz. The interview was videotaped. Before the interview commenced,
Alaniz translated Martinez’s Miranda warnings into Spanish, and asked him to sign a
card waiving his rights (in English). The warnings and the signing of the card are also
recorded on videotape. Martinez indicated he wished to waive his rights, signed the
waiver card, and answered questions about the stabbing. Later, Martinez also sent the
Andrews county attorney a notarized statement, translated into English by his cellmate,
which basically repeated what was contained in the videotaped interview. This statement
was also admitted in evidence at trial, without objection by defense counsel. Martinez
was found guilty after a jury trial and sentenced to two years in a state jail facility for
endangering a child.



 

Failure to file findings of fact and 
conclusions of law

           In his second issue on appeal, Martinez urges the trial court erred in failing to
make independent findings as to the voluntariness of his statement, a violation of Tex.
Code Crim. Proc. Ann. art. 38.22, § 6. It is true that the trial court initially failed to
comply with this requirement, but upon motion of the State, we abated the appeal and
remanded to the trial court. See Chavez v. State, 6 S.W.3d 56, 64 (Tex. App.--San
Antonio 1999, pet. ref’d). The trial court filed its findings and conclusions on the
voluntariness of Martinez’s statement with this Court on December 19, 2003. Martinez’s
second issue on appeal is therefore moot, and is accordingly overruled.
Voluntariness of statement where Miranda warnings
were translated into Spanish by police officer

           In his first issue on appeal, Martinez contends that the trial court erred in admitting
his written statement, as it was not made following a knowing and voluntary waiver of
rights. Specifically, he argues that he received an inadequate translation of his Miranda
rights into Spanish by police officer Ronny Alaniz. Finding this was a question of fact,
we overrule the issue.
           Questions regarding inaccuracies in a translation are issues of fact to be settled by
the trier of fact. Calixto v. State, 66 S.W.3d 505, 510 (Tex. App.--Austin 2001, pet.
ref’d). In writing on this subject, the Court of Criminal Appeals has concluded that an
appellant must settle the question of a translation’s accuracy at trial by impeaching the
translation, either by cross-examination or other means. Garcia v. State, 887 S.W.2d 862,
875 (Tex. Crim. App. 1994). As an appellate court, we give almost total deference to the
trial court’s determination of historical facts supported by the record, when they are based
upon an evaluation of credibility and demeanor. Hernandez v. State, 118 S.W.3d 469,
476 (Tex. App.--Eastland 2003, pet. ref’d).
           Here, the trial court found beyond a reasonable doubt that:
           1.        The defendant was arrested in Andrews, Texas on April 3, 2002 during the
commission of a felony. The defendant was not interrogated at that time.
 
           2.        Thereafter, on April 5, 2002, at approximately 10:12 a.m., Deputy Mark
Greenhaw and Officer Ronnie Alaniz interviewed the defendant in the
Andrews County Jail, Andrews County Texas. Officer Ronnie Alaniz
warned the defendant of his constitutional rights by reading a standardized
Miranda warning card to the defendant in Spanish which contained the
following warnings: You have the right to remain silent. Anything you say
can and will be used against you in a Court of Law. You have the right to
talk to a Lawyer, and have him present while you are being questioned. If
you cannot afford to hire a lawyer, one will be appointed to represent you
before any questioning if you wish. You can decide at any time to exercise
these rights and not answer any questions or make any statements. The
defendant acknowledged he understood his constitutional rights and signed
the back of the Miranda card at 10:12 a.m.
 
           3.        The defendant signed his rights card indicating his willingness to talk to
officers. Deputy Mark Greenhaw and Officer Ronny Alaniz recorded the
Defendant’s statement by video and audio, and the same being later reduced
to writing and signed by the Defendant.
 
           4.        Deputy Mark Greenhaw and Officer Ronny Alaniz did not induce or coerce
the defendant to make and sign his confession through force, threats,
persuasion, intimidation, promises, or any combination thereof. Rather, the
defendant acted freely and voluntarily in giving Deputy Mark Greenhaw
and Officer Ronny Alaniz his statement, which was reduced to writing and
signed by the defendant after he had knowingly, intelligently, and
voluntarily waived his constitutional rights. The confession was
acknowledged and signed by the defendant freely and voluntarily. 

We have reviewed the record, and find that the trial court had evidence to support its
conclusions in the form of the warnings themselves, both oral (which the trial court could
view on videotape) and written. The trial court also viewed Martinez’s demeanor during
the warnings and interrogation, as well as Alaniz’s testimony that he grew up around the
Spanish language and considered himself “pretty well qualified to do it and if I didn’t feel
that way, I wouldn’t have done it.”
           In challenging the adequacy of the warnings in Spanish, Martinez’s counsel
vigorously cross-examined Officer Alaniz on his translation, establishing that he had no
formal training as an interpreter, no special expertise in translating, nor any certificate or
license as an interpreter. Moreover, Alaniz conceded that he did not translate the
warnings verbatim. As further impeachment, Martinez’s counsel called as a defense
witness Margaret Leyva, a federally certified interpreter, who gave her expert opinion that
the translation provided by Alaniz was “not exactly accurate,” and that he was not
qualified to do translation of this type. Nevertheless, we cannot say the trial court abused
its discretion in concluding that Martinez was properly warned before he was subjected to
custodial interrogation.
           Finally, we note that the evidence against Martinez was overwhelming, even
absent the challenged custodial statement. He never contested that he stabbed Ms. Lujan
while she held their daughter in her lap, he was heard stabbing Lujan during the 911 call,
she was found with multiple stab wounds when he was the only other adult in the house,
she identified him at the scene, and the child was in the house throughout the attack and
witnessed it all. Moreover, Martinez sent his prosecutor a written non-custodial statement
which essentially duplicated the one on videotape. Beyond a reasonable doubt, the
challenged statement did not contribute to the finding of guilt or assessment of
punishment here, nor did it affect Martinez’s substantial rights. Tex. R. App. P. 44.2. The
first issue on appeal is overruled.
Conclusion
           The conviction is affirmed.
 
                                                                  SUSAN LARSEN, Justice
July 15, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.

(Do Not Publish)